*Brown* and *N. L. Whittemore*, for defendant.

## DAN HAZEN *vs.* DAVID STRONG.

That the selectmen of any town, the inhabitants of which are exposed to the spreading of the small pox among them, may prevent such spread, by procuring the inoculation for the kine pox among those exposed, and the town may legally vote a tax to defray the expense of the same.

This was an action of *trespass* for taking the plaintiff's cow.—— The defendant pleaded the *general issue*, and also a special plea in bar. The plea in bar set forth, that, on the first day of October, 1820, the inhabitants of *North Hero*, in said county, were greatly exposed to the spreading of the small pox in said town, and greatly exposed to be infected by said disease, by reason of persons passing through said town, and residing in the neighborhood of said inhabitants, who were infected with said disease : and that, afterwards, on, &c. the selectmen of said town, in order

GRAND-ISLE, to prevent the spreading of said disease in said town, procured one
January, Doct. *Fancher* to inoculate the inhabitants, exposed to said dis-
ease, with the kine pox. The plea then proceeded to allege, that
said *Fancher* did so inoculate, and thereby prevent the spreading
of the small pox, &c. It also set forth the regular warning of a
town meeting, at which the inhabitants of said town voted a tax
for the purpose of raising money to pay the expense of such inoc-
ulation, being $74 ; and that such tax was put into a rate bill, and
that with a regular warrant put into the defendant's hands for col-
lection, he being constable of said town ; and that he proceeded
to notify the plaintiff of his tax, and demanded payment, &c. and
distrained the cow in question, and sold her for the collection of
such tax.

The plaintiff filed a long special replication, the amount of
which was, that said tax was voted and raised for the sole pur-
pose of paying said *Doct. Fancher* for said inoculation, and that
the defendant was present at the meeting, and assisted and con-
sented to the voting and assessing said tax. The defendant re-
joined that there was upon the rate bill a certificate signed by the
selectmen, that the same was a true tax, agreeably to the vote of
the town, &c., without this, that the same was raised for that pur-
pose, and defendant present, assisting, &c. as stated in said repli-
cation, and put himself on the court for trial ; and the plaintiff
likewise.

The court found the facts specially, that the tax was voted for
the sole purpose of paying said *Dr. Fancher*, for inoculating said
inhabitants, &c., and that the defendant was present at said meet-
ing, but did not vote for said tax.

On this finding of facts both parties claimed judgement: and
the county court rendered judgement upon the whole record for
the plaintiff to recover $5 damages and his cost. The defendant
excepted to this decision, and the action came up to the Supreme
Court for their revision.

*Charles Adams, for the defendant.*—It is contended, that the
plea is sufficient,—1. because the tax was legally assessed,—and
2. if not legally assessed, the constable was justified by his warrant.

1. The legality of the tax involves the authority of towns to
vote it. And, on this point, we contend, that, by a fair construc-
tion of the several statutes, this power is granted. Towns have
power to asses taxess for the maintenance of the poor, (*p.* 413)—
for laying out and repairing highways, and for *all other necessary
and incidental charges.* It is made their duty to provide books
(*p.* 415)—to erect guide boards and sign posts, (*p.* 417.) They

may erect powder houses, provide ammunition, build town-houses. They are also commanded to provide pest-houses, to remove persons infected, and *to take the most effectual measures to prevent the spreading of the disease,(p.* 493.) The authority is not limited to those cases particularly enumerated in the statute, but extends to all cases where the necessity *in fact* exists. There may be many other cases, beside those specified, where an equal necessity arises, and in these, towns must have the same power. The only difference is this : in the one case the legislature have declared them to be necessary ; in the other, the necessity must be submitted to a judicial tribunal. This tax was authorized, not only as being for an object of the highest necessity, but as coming within the spirit of the authority granted them to prevent the spreading of the small pox.

It is further contended, that towns have the power of laying taxes independent of any legislative authority. This results from the fact that they are corporations, and may do all such acts as are necessary to secure their existence. In the case of *Worcester* vs. *Eaton*, (13 *Mass.* 371) it was decided, that towns might take a deed of land. If so, they may vote a tax to pay for it.— They may also improve it, and would be bound to pay the expenses. It also results from the fact, that towns are the legitimate sources of all power. The people in their primary assemblies ordain the constitution, and create the legislature ; and hence it follows, that they may do what they please, unless limited by some general act, to which their assent may be supposed to be given.

But, if the tax was illegal, the constable was justified by his warrant. In the case of the sheriff or collector of state taxes, it will be conceded, they are justified by a warrant, legal on the face of it ; and, unless there is something to distinguish the case of a constable, he must be equally shielded. There is the same necessity.

If any suit could be sustained, it must be against the selectmen, and not against the constable. This is the uniform course in *Massachusetts. Burgess* vs. *Snow,* 1 *Mass.* 187.—*Dillingham* vs. *Snow,* 5 *Mass.* 558.—*Stetson* vs. *Kimpton,* 13 *Mass.* 272.—And, in the last case, the court say that the constable is not accountable, as he acts in obedience to his warrant, *(p.* 283.)

*Smalley & Adams, for the plaintiff.*—The 14th section of the act relating to town meetings, &c., authorizes towns to grant and vote such sum or sums of money, as they shall judge necessary for the maintenance of the poor, for laying out and repairing highways, and for building and repairing bridges, and for all other ne-

GRAND-ISLE,
January,
1830.

Hazen
vs.
Strong.

cessary and incidental charges, within said town. This statute cannot authorize the tax in question, on any construction, unless it be given by the generality of the terms, "*for all other necessary and incidental charges.*" By the terms *necessary and incidental charges*, must be understood such charges, and such alone, as the town is legally liable to pay ; and, if the town were not legally bound to employ and pay some person for inoculating the inhabitants with the kine pox, the town had no authority to vote the tax.—*Bangs* vs. *Snow et al*, 1 *Mass. R.*, 181 *to* 189.— *Stetson* vs. *Kempton et al.* 13 *Mass. R.*, 272.—The question, what are, and what are not, necessary and incidental charges, must depend entirely on the legal duties and liabilities of the town. Any other construction would put it in the power of the majority to dispose of the property of the minority at their own pleasure. If towns are to determine what is necessary, and, on this determination, assess a tax for any or every purpose, they might have an agrarian law, and an equal distribution of effects at their pleasure : for, they have only to judge such distribution necessary, and assess a tax sufficient to put all the property of the town in the market, and have the proceeds paid into the town treasury, and the funds thus raised will be at their disposal. Such a construction cannot be sustained, either on principle or authority. The town can have no authority to assess any tax, unless it is for the purpose of discharging some duty or obligation, imposed upon them by law. And this position is sustained by the reasoning in analogous cases.

Was there any legal obligation on the town to employ any person, at this time, to inoculate the inhabitants with the kine pox ? It may be said that the statute relating to the small pox, *(p.* 493, *s. 1.)* authorizes the selectmen to take the most prudent measures to prevent the spreading of the small pox. But this authority, it will be noticed, is given only in cases where there is some person in town actually infected with the disease ; which is not pretended in this case. But, if it was, that statute would not authorize the selectmen to employ physicians at the expense of the town, unless the persons, for whose benefit they were employed, were unable to pay. In no point of view in which it can be presented, can it be said that the town were under obligation to employ any person to inoculate the inhabitants with the kine pox. If they were not, they had no legal authority to vote the tax. If the town had no authority to assess the tax, is the collector justified by his rate-bill and warrant ? It has been expressly adjudged that he was not. In *Bates* vs. *Chipman* and *Hazeltine*, 1 *Vt. Rep.* 81, this question was so fully and ably discussed in the case alluded to, that we will not spend any time upon it, but merely refer the

Court to the *Marshalsea case, Coke Abr.* 300.—*Hayden* vs.
*Noyes,* 5 *Con. Rep.,* 391.—*Suydam and Wickoff* vs. *Keyes,*
13 *John. Rep.* 444.—*Wilcox* vs. *Sherwin, D. Chip. Rep.,* 82.—
*Perkins* vs. *Proctor,* 2 *Wills. Rep.,* 384.—*Smith* vs. *Boucher,*
2 *Strange's Rep.,*993.—*Grumon* vs. *Raymond,* 1 *Con. Rep.,*40.
—3 *Cranch,* 336.—5 *Wheat.,* 1.—4 *Cranch,* 241.—1 *Con.
Rep.* 449.—9 *Mass. Rep.,*543.—1 *P. W. Rep.* 41.—*Id.* 766.
—11 *Mass. Rep.,* 511.—1 *Johns. Rep.,* 472.—2 *Aik. Rep.,* 394.

Hutchinson, J. after, stating the case, pronounced the opinion of the Court.

Several points have been urged in argument, the most of them, however, depend chiefly upon the view the Court may entertain upon the main subject of the controversy.

The parties having agreed upon joining an issue of fact to the court, the facts found by the court, and appearing of record, are to be treated as if found by the jury in an issue tried by them. Both parties claiming judgment upon this finding, it is necessary to ascertain the importance of the facts found, in connection with those acknowledged by the pleadings.

The plaintiff, in his replication, assumes the position, that the town could not legally raise a tax for the object specified in the defendant's plea, and makes those averments of the defendant's knowledge and participation in the object, and assessment of the tax, which the plaintiff intends shall render his rate-bill and warrant no justification.

The rejoinder, instead of demurring, affirms a new fact about the certificate upon his rate-bill, signed by the selectmen, and traverses those facts relied upon in the replication, intending, no doubt, to maintain, as is attempted in argument, the position that the rate-bill and warrant were a good protection to the defendant who acted under the same, whether the tax were legal or not. The court found for the plaintiff the facts, that the tax was raised to pay the expense of inoculating for the kine pox, and that the defendant was present at the meeting ; and found for the defendant the fact, that the defendant did not vote for said tax. This is going off in a tangent from the main point in controversy, which rests on that part of the plea not answered by the replication.

The principal point in the case is, have the town a right in just such a case as is set forth in the defendant's plea, to raise a tax by vote, as they have attempted to do ? The plaintiff objects that the selectmen have a right to take measures to prevent the spreading of the small pox, only when it is actually among the inhabitants : also, that the town can legally be put to

GRAND-ISLF,
January,
1830.

Hazen
vs.
Strong

no expense, but for those who are unable to pay for themselves.

While there devolves upon the selectmen a care of the prudential affairs of the town, and their proceedings frequently, and almost uniformly, are attended with expense to the town, which must be collected of the inhabitants in the form of taxes ; while so many cases arise, requiring nice distinctions to be observed, in these duties of the selectmen, as also in the cases of necessary and incidental charges, where the towns act in public meetings, we should not be inclined to decide against such a tax, and especially, against a collector collecting such a tax, but in a clear case.

When the legislature made it the duty of the selectmen in each town, in which there should be any person infected with the small pox, to take the most prudent measures to prevent the spreading of the disease, they may not have thought of the particular measure of inoculating for the kind pox.    They may not have known that to be a prudent or efficacious measure.    But whenever it is found to be evidently such, the provisions of the statute are broad enough to include it.    These prudent measures to prevent the spread of the disease, are to be taken at the expense of the town, and not of individuals.    There may be trouble and expense to individuals, but the selectmen cannot compel them to pay any expense of their proceedings.    These must be paid by the town.    Now, experience fully evinces the eminent utility of the kine pox in saving expense, as well as placing a safeguard around each individual, to protect life and health, while all attend to their usual vocations, instead of being confined with a loathsome disease, or becoming nurses to those who are thus confined.    We are, therefore, disposed to support the selectmen, and the town, in this measure to prevent the spreading of the disease, when circumstances render any measures necessary.

But, it is said in argument, that there is no pretence that any person in *North Hero* was infected with the small pox, when *Doct. Fancher* was employed to inoculate for the kine pox.—— Upon this point, the statute must receive such a construction, if such it will bear, as will best remedy the evil provided against.—— Should it be confined to the letter, in every possible case, there would be some instances in which it would be no seasonable remedy.    The only person known to be infected in town may have got out of town before the selectmen had convened to adopt any measures for prevention.    The result may be that very many, or that none at all, took the infection before the infected person got out of town.    In such a case, it would not do to let the legality of a tax, to defray the expense of preventive measures, depend upon this uncertain result ; for preventive measures ought to be adopt-

ed while it must be uncertain, whether any of the persons exposed took the disease. So, an infected person may be lodged in another township. The disorder proves to be the small pox. Persons in this town may be exposed as badly as if the infected person were in the same town with them. In such a case the selectmen should fear the danger and adopt measures to prevent the spread of the disease.

While the statute is particular in many of its provisions, this provision is more general. The expression is, " and in all such cases it shall be the duty of the selectmen, as aforesaid, to take the most prudent measures," &c.

This must mean all such cases as are attended with actual danger from a person actually infected among them, or so near them as not to be without danger. The allegations in this plea in bar are in substance, " that the inhabitants of said *North Hero* were (on said day) greatly exposed to the spreading of the small pox in said town, and greatly exposed to be infected by said disease, by reason of persons passing through said town, and residing in the neighborhood of said inhabitants, who were infected with said disease." Should we consider the word *inhabitants*, which next precedes the relative, *who*, to be its antecedent, in grammatical construction, it would make a direct averment, that the exposedness to the disease was from inhabitants who were infected with it. If we go further back, and take the word *persons* for the antecedent to the relative, the sense will be, that persons, who are infected, were passing through said town and residing in the neighborhood of its inhabitants, by which they were exposed to the disease.

This must not be construed as of a possible state of things at some future time, but as describing the actual state of things at that time. If, then, the inhabitants of said town were then exposed to the infection, by reason that some of said inhabitants were infected, or, that persons infected were passing through said town, or, were residing in the neighborhood of the inhabitants of said town, in either case it becomes the duty of the selectmen to take the most prudent measures to prevent the spreading of the disease.

The plaintiff's counsel have relied upon a decision of this Court in his favor, made in this action several years since. There was such a decision reversing the judgement of the county court. That set the case open for another trial ; and leave was given to alter the pleadings; and they are so altered as to make a new case not to be governed by the former decision. As we find a full defence in that part of the defendant's plea, which is not answered by the replication, the facts brought upon the record by the

EEE

GRAND-ISLE,
*January,*
1830.

Hazen
*vs.*
Strong.

replication of the plaintiff and finding of the court, are unimportant to a decision. The Court are at liberty to render judgement upon the whole record, and finding a good defence in the plea, which has received no answer in the replication, the judgement of the county court must be reversed, and judgement rendered for the defendant to recover his cost.

**Judgement reversed.**

*Smalley & Adams*, for plaintiff.
*Charles Adams*, for defendant.