AMELIA KUENZLI, Landlord, Appellant, v. WILLIAM STONE, Tenant, Respondent.

(Supreme Court, Appellate Term, Second Department, May, 1920.)

Constitutional law — Laws of 1920, chap. 137, does not impair obligation of contract.

Appeal — when appeal from order staying the issuance of a warrant in summary proceedings will be dismissed — Municipal Court Code, § 155.

The prohibition in the Federal Constitution that no state legislature shall pass any law impairing the obligation of contracts does not restrict the power of the state to protect the health, morals and safety of the public, in so far as the one or the other may be involved in the execution of contracts.

Chapter 137 of the Laws of 1920, the purpose of which is to promote the welfare of the more thickly populated sections of the state, because of a shortage in the supply of housing facilities, is a valid exercise of the police power and is not violative of the constitutional provision that no state shall pass any law impairing the obligation of contracts.

Where in a summary proceeding instituted in the Municipal Court of the city of New York under chapter 137 of the Laws of 1920 to recover possession of real property from a monthly tenant upon the ground that he held over his term after service

of due and timely notice to quit, no appeal was taken from the final order in favor of the landlord, this court has no jurisdiction to review an order granting a stay of the issuance of the warrant and an appeal from such an order will be dismissed.

The proper practice is to appeal from the final order in the summary proceeding and to specify in the notice of appeal that a review of the order granting the stay is desired, which, under section 155 of the Municipal Court Code, is deemed to be an intermediate order made in a special proceeding.

APPEAL by the landlord from an order of the Municipal Court of the city of New York, borough of Queens, fourth district, granting a stay of the issuance of a warrant in summary proceedings to recover the possession of real property.

Adolph Herzog, Jr., for landlord, appellant.

Paul M. Pelletreau, for tenant, respondent.

KELBY, J.  The trial court found that the defendant was a monthly tenant, and that he held over his term after service of due and timely notice to quit the premises.  The order appealed from bears date the 19th day of April, 1920, and contains the following recitals: "After a hearing, it appearing to the court that the premises are used for dwelling purposes and that the applicant cannot secure suitable premises for himself and family within the neighborhood similar to those occupied and that he has used due and reasonable effort to secure such other premises and sufficient facts having been shown to warrant the granting of a stay, and the said tenant having stipulated that he will abide by and comply with the terms and provisions to be prescribed by the court,   *   *   *."

These recitals are followed by an order directing that the issuance of the warrant be stayed until October 31, 1920, upon condition that the tenant deposit

with the clerk, within twelve days from the date of the order and on the first day of each month during the continuance of the stay, the sum of forty-one dollars and fifty cents, said sum being the aggregate of thirty-five dollars, the rent for which the tenant was liable for the month immediately prior to the expiration of his term, and of six dollars and fifty cents, being the additional sum determined by the court to be reasonable. The order then contains a provision that, upon failure of the tenant to comply with any of the conditions, the stay shall terminate and that either party may, on two days' notice, apply to the court for a modification of the order.

The testimony recited in the order does not appear in the return to this court. There does appear in the return the minutes taken on the trial of the special proceeding itself. From this last-mentioned testimony, it appears that the plaintiff, the owner of the property, had contracted to sell the property in question, agreeing to give title on the first day of April. The court below properly held that the tenant's term expired on the first day of April, and that he was holding over the said term without the permission of the landlord. It further appears from the record that the plaintiff's agent had told the tenant that plaintiff had purchased the property in February and had sold it in the same month of February, and that the owner desired the tenant to remove from the premises because a sale could be more readily effected without there being any tenants in possession. And it further appeared that the plaintiff had bought the property as a speculative enterprise.

The appellant urges two points for the reversal of the order; *first,* that chapter 137 of the Laws of 1920, under which the stay was granted, is unconstitutional in that it impaired the obligation of a pre-existing con-

tract; and, *secondly,* that the granting of a stay of such length was an abuse of discretion by the trial judge.

Chapter 137 of the Laws of 1920 is entitled: "An act in relation to summary proceedings to recover the possession of real property in cities of the first class or in cities in a county adjoining a city of the first class during the existing emergency." It is limited in its scope to recover the possession of premises occupied for dwelling purposes, and it is affirmatively recited that: " The relief hereby provided shall be in addition to relief provided by any other act, the provisions of which are not inconsistent herewith. This act being emergency legislation, its provisions shall be liberally construed to carry out the intent thereof."

Section 3 of that act reads as follows:

" Discretionary stay. Where the final order in such a proceeding establishes that the occupant is holding over and continuing in possession of the demised premises, after the expiration of his term, without permission of the landlord, the court, judge or justice making such order, on application of the occupant, may, in its or his discretion and subject to the conditions prescribed by this act, stay the issuance of a warrant and also stay any execution to collect the costs of the proceeding, for such period, not more than twelve months, as the court, judge or justice, in its or his discretion, may deem proper."

The act then, in section 4, provides that the trial judge shall hear the parties upon the application for a stay, and, if it appears that the premises are used for dwelling purposes, and that the applicant cannot secure suitable premises for himself and family within the neighborhood similar to those occupied, that he has used due and reasonable effort to secure such premises; that his application is made in good faith,

and that he will abide by and comply with the terms and provisions prescribed by the court, judge or justice, the act then provides for the tenant making a deposit in court as the judge may direct for the occupation of the premises for the period of the stay at the rate to which he was liable as rent for the month immediately prior to the expiration of his term, plus such additional amount as the judge may determine to be reasonable.

Summary proceedings to recover the possession of land were first brought into existence in this state by chapter 194 of the Laws of 1820, and were limited to two cases: *first*, expiration of the tenant's term; *second*, default in the payment of rent. In the latter case they could be maintained only if there was not sufficient distress on the premises to satisfy the rent. It was not co-extensive with the landlord's right to maintain ejectment, and could not be maintained for breach of any other covenant of the lease than that to pay the rent. See *Oakley* v. *Schoonmaker,* 15 Wend. 226; *Beach* v. *Nixon,* 9 N. Y. 35.

In 1846 distress for rent was abolished, and in 1849 the provision requiring the absence of sufficient distress as a condition for the maintenance of summary proceedings was repealed.

Previous to the act of 1820, above referred to, the only remedy the law furnished to the landlords for the recovery of lands upon the expiration of the tenant's term was the action of ejectment. This proceeding was expensive and dilatory as against a tenant litigiously inclined. The statute of 1820 was designed to remedy this condition by providing the landlord with a simple, speedy and inexpensive summary method of regaining the possession of his premises. See 3 McAdam Landl. & Ten. 3.

It thus appears that the act relating to summary

9

proceedings was a remedy first created by the legislature. Ordinarily, a remedy created by the legislature may be repealed by the legislature. The various acts passed by the legislature in 1920, at the instance of the joint legislative committee on housing, do not abolish the remedy, but considerably modify the practice and procedure heretofore existing.

The legislature has made a declaration of fact of the existence of an emergency and has declared in effect that congested housing conditions have seriously affected and endangered the public welfare, health and morals. It must be presumed that the legislature had before it, when the statute in question was passed, any evidence that was required to enable it to act; and if any special finding of fact was needed in order to warrant the passage of this particular act, the passage of the act itself was to be treated as the equivalent of such finding. See *Grainger* v. *Douglas Park Jockey Club*, 148 Fed. Repr. 513; 6 R. C. L., under the topic, " Constitutional Law," § 112. The courts will not make a separate investigation of the facts or attempt to decide whether the legislature has reached a correct conclusion with respect to them. *Viemeister* v. *Wright*, 179 N. Y. 235.

Chapter 137 of the Laws of 1920 was clearly enacted in the exercise of the police power of the state. Its purpose was to promote the welfare of the more thickly populated sections of the state by reason of a shortage in the supply of housing facilities. The prohibition in the Federal Constitution that no state legislature shall pass any law impairing the obligation of contracts does not restrict the power of the state to protect the public health, public morals or the public safety, in so far as the one or the other may be involved in the execution of such contracts.

Familiar instances of this power are when parties

enter into contracts, perfectly lawful at the time, to sell liquor, operate a brewery or distillery, or carry on a lottery, all of which are subject to impairment by a change of policy on the part of the state prohibiting the establishment or continuance of such traffic. Parties, by entering into contracts, may not estop the legislature from enacting laws intended for the public good. See R. C. L. topic " Constitutional Law," § 195; *Manigault* v. *Springs,* 199 U. S. 473.

The legislative act under review having been passed under the circumstances above noted, it must be held to have been a valid exercise of power, and, for that reason, it cannot be said that the law is void by reason of impairing the obligation of contracts.

Nor is there any vested right to a particular remedy. See *National Surety Co.* v. *Architectural Decorating Co.,* 226 U. S. 276. A statute is not unconstitutional merely because it changes, abolishes or impairs an existing remedy or a cause of action that has accrued prior to the passage of the act.

" Statutes concerning remedies are such as relate to the course and mode of procedure to enforce or defend a substantive right. Matters which belong to the remedy are subject to change and alteration, and even repeal, provided the legislation does not operate to impair a contract or deprive one of a vested property right. If the changing or repealing statute leaves the parties a substantial remedy, the legislature does not exceed its authority. Rights and remedies shade one into the other so that it is sometimes difficult to say that a particular act creates a right or merely gives a remedy. So also a statute, under the form of taking away or changing a particular remedy, may take away an existing property right, or impair the obligation of a contract." *Ettor* v. *Tacoma,* 228 U. S. 155.

Clearly, the statute under review is remedial and the

remedy is only modified in its form to what it was before. In addition to that, owners of real property still have the remedy of an action in ejectment. It cannot be said, therefore, that owners of property have been deprived of all remedy under such a state of facts.

The second ground of appeal urged by the appellant is, that the court below abused its discretion in granting a stay of the issuance of the warrant until October 31, 1920. As before pointed out, this is an appeal from an order, dated April 19, 1920, granting a stay, and the order was entered in a proceeding specially provided for in chapter 137 of the Laws of 1920. The final order in the summary proceeding is dated April 9, 1920, and there is no appeal taken from said final order. Section 154 of the Municipal Court Code enumerates what appeals may be taken from the Municipal Court to the Appellate Term of the Supreme Court. An order granting a stay such as has been made in this proceeding is not one of the orders therein enumerated. Subdivision 8 of said section allows an appeal to the Appellate Term from: " An order which the court had not the power to make." As before pointed out, the court had the power to make the order which is the subject of this appeal.

Section 155 of the Municipal Court Code relates to the review of intermediate orders, and provides as follows:

"An appeal taken from a judgment or final order brings up for review an intermediate order which is specified in the notice of appeal and necessarily affects the judgment or final order and has not already been reviewed upon a separate appeal.

"An order made after judgment or final order is deemed to have been made in the action or special proceeding within the meaning of this section."

The only way, therefore, that the appellant can review the order granting the stay is to appeal from the final order in the summary proceeding and specify in said notice of appeal that the appellant desires a review of the order granting the stay, which, under the foregoing section, is deemed to have been made in the special proceeding and to be an intermediate order.

This last procedure the appellant has not followed and this court has, therefore, no jurisdiction to review the order granting the stay.

The appeal from the order is dismissed, without costs.

CLARK and CROPSEY, JJ., concur.

Appeal dismissed, without costs.