THE PEOPLE OF THE STATE OF NEW YORK ex rel. CLARA WASSERMAN *v.* WILLIAM R. FAGAN, Clerk of the Municipal Court of the City of New York, Borough of Brooklyn, Sixth District.

(Supreme Court, Kings Special Term, October, 1920.)

Landlord and tenant — summary proceedings — when proceeding "pending"— mandamus — Laws of 1920, chap. 942.

> Mandamus will not lie to compel the issuance of a warrant pursuant to a final order in summary proceedings where during a stay granted pursuant to chapter 137 of the Laws of 1920, chapter 942 of the Laws of 1920 was enacted, as the proceeding is "pending" under the provisions of said last mentioned statute.

MOTION for a peremptory writ of mandamus.

Benjamin Ammerman, for relator.

John P. O'Brien, corporation counsel, for defendant.

FABER, J.   This is an application for a writ of mandamus to compel the respondent, clerk of the Municipal Court, to issue a warrant pursuant to a final order in summary proceedings.   A stay of the issuance of such warrant was heretofore granted pursuant to chapter 137 of the Laws of 1920.   Such stay was proper.   *Kuenzli* v. *Stone*, 112 Misc. Rep. 125.

During the stay the legislature passed chapter 942 of the Laws of 1920, the following provision of which is under consideration: "In a pending proceeding for the recovery of real property in such a city on the ground that the occupant holds over after the expiration of his term, a warrant shall not be issued unless the petitioner establishes to the satisfaction of the

court that the proceeding is one mentioned in the exceptions enumerated in this subdivision." The proceeding is not within the exceptions.

The contention of relator is that this act does not include a case, such as that at bar, where a final order had been previously granted and the issuance of the warrant stayed, claiming that the proceeding is not pending and that said chapter 942, therefore, has no application. The proceeding is pending. *Wegman* v. *Childs,* 41 N. Y. 159; *Pitt* v. *Davison,* 37 id. 235; *Gould* v. *Torrance,* 19 How. Pr. 560; *Wright* v. *Nostrand,* 94 N. Y. 31; *Mulstein Co.* v. *City of New York,* 213 id., 308.

In *Wright* v. *Nostrand, supra,* it is said (p. 45) : " It was held in the case of *Wegman* v. *Childs* (41 N. Y. 159) that an action was pending in the court wherein it was brought, until after the satisfaction of judgment therein; * * *."

In *Wegman* v. *Childs, supra,* the court says, at p. 161 : "* * * the question presented, therefore, is whether, within the intent and meaning, of this constitutional provision, a suit is regarded as pending, where final judgment has been rendered, but execution of the same has not been had. I think the suit must be regarded as pending, whether the same has proceeded to final judgment or not, * * *." And at p. 162 : " The same construction was put upon an act of the British parliament transferring pending suits into the Court of Exchequer * * *. The language of that act was, ' as to all suits at law depending in said court,' and the Court of Exchequer, held * * *, that a suit, in which a judgment was obtained in the Court of Great Sessions, but in which there has been no execution issued, is a suit depending in that court, within the meaning of that act, * * *."

In *Mulstein-Co.* v. *City of New York,* 213 N. Y. 308, 314, the court says: " The issuing of an execution upon a judgment is a proceeding in the suit, and so are the proceedings supplementary thereto (*Wegman* v. *Childs,* 41 N. Y. 159; *Ward* v. *Roy,* 69 N. Y. 96)."

The relator further contends that even though the statute be held to affect this proceeding in the Municipal Court, it is unconstitutional, as the landlord had a property right in the final order of the court.

The final order, which it may be conceded is in effect a judgment (*Ash* v. *Purnell,* 11 N. Y. Supp. 54), is "not a contract in the ordinary sense of an agreement reached between persons, to whose terms their mutual assent has been given, and it is in that sense that the word is used in the Federal Constitution. (*State of Louisiana* v. *Mayor, &c.,* 109 U. S. 285). * * * But a final judgment creates and vests substantial rights. * * *" *Livingston* v. *Livingston,* 173 N. Y. 377.

It is unnecessary to determine whether such rights extend to the remedy or process under the final order, namely, the warrant, for such rights as the relator has here, whether of contract or property, must yield to the public necessity. What was said by Mr. Justice Kelby, in *Kuenzli* v. *Stone, supra,* in considering chapter 137 of the Laws of 1920, applies with equal force to this case and the act now under consideration.

At page 130: " Chapter 137 of the Laws of 1920 was clearly enacted in the exercise of the police power of the state. Its purpose was to promote the welfare of the more thickly populated sections of the state by reason of a shortage in the supply of housing facilities. The prohibition in the Federal Constitution that no state legislature shall pass any law impairing the obligation of contracts does not restrict the power of

Municipal Court of New York, October, 1920.   [Vol. 113.

the state to protect the public health, public morals or the public safety, in so far as the one or the other may be involved in the execution of such contracts. \* \* \*

" The legislative act under review having been passed under the circumstances above noted, it must be held to have been a valid exercise of power, and, for that reason, it cannot be said that the law is void by reason of impairing the obligation of contracts."

Sections 93 and 94 of the General Construction Law have not been overlooked. Those sections have no application. They contain only general rules of construction, and do not and could not prevent the legislature from amending the law. Moreover, the enactment under consideration is expressly made applicable to pending proceedings.

I am, therefore, of the opinion that the application for a writ of mandamus must be denied.

Motion denied, without costs.