JACOB L. GUTTAG, Plaintiff, *v.* HYMAN SHATZKIN, Defendant.

(Supreme Court, Bronx Special Term, November, 1920.)

Statutes — constitutional law — police power — Laws of 1920, chap. 944.

> The statute (Laws of 1920, chap. 944) prohibiting the ousting of tenants of dwelling houses in the city of New York, except in certain specified instances, until the expiration of a two-year period, etc., is a valid exercise of the police power and is constitutional.

ACTION for the recovery of real property used for dwellng purposes.

Bernard S. Deutsch, for plaintiff.

Julius D. Tobias, for defendant.

FINCH, J. The complaint alleges that the plaintiff is the owner of real property and that the defendant was a tenant of an apartment therein under a lease expiring on October 1, 1920, and refused to vacate. The defendant has interposed a demurrer, and the only question raised and argued by counsel is the constitutionality of the law passed by the recent special session of the legislature prohibiting the recovery by the owner thereof of real property used for dwelling purposes except in certain specified instances (not alleged in the case at bar) provided a reasonable rental value has been paid.

Protection of homes and housing is certainly within the police powers of the state, provided a public emergency exists which threatens the same. In enacting the statute in question the legislature has declared in express terms that such a public emergency exists, and it is within its province to so determine. *Matter of Jacobs,* 98 N. Y. 98; *McLean* v. *Arkansas,* 211 U. S. 539, 547; *Matter of Viemeister,* 179 N. Y. 235, 241. It remains for the court to consider whether the means adopted by the legislature are reasonably adapted to the end sought. *Matter of Jacobs, supra; Lawton* v. *Steele,* 152 U. S. 133, 136, 137. Until the expiration of a two-year period the legislature has prohibited the ousting of a tenant from his dwelling except in certain prescribed instances, provided the tenant is not objectionable and pays the reasonable rental value of the premises, which reasonable rental value may be determined by the court. Laws of 1920, chap. 944. It would

appear that the means which the legislature has adopted are appropriate to the end sought. The court may take judicial notice of the cause for the existing emergency, namely, a world war during which new building was halted for several years, while a large portion of the entire population was taken from its accustomed tasks and turned to war work. The disorganization which has resulted from a return to a peace from a war basis has delayed transportation of material and fuel. This condition, coupled with the scarcity of labor and materials to replace the prior accumulations exhausted by the years of war, has as yet apparently prevented even catching up with the normal building needs arising since the war and due to normal growth of population. These conditions to be coped with are accentuated in densely populated centres. It is no answer to say that no action precisely similar to the case at bar has been taken heretofore. It overlooks a fundamental attribute of the principle known as the " police power " which takes into consideration the economic and social conditions of the times. A reasonable allowance must be made for the exercise of legislative judgment, and if the matter is within the legislative discretion the court will not substitute its judgment for that of the legislature. *McLean* v. *Arkansas,* 211 U. S. 539; *Kuenzli* v. *Stone,* 112 Misc. Rep. 125.

It follows that the demurrer should be sustained.

Ordered accordingly.