# *Ex parte* Kirtland.

*Application for Mandamus to Chancery Court, to vacate Order Reviving Cause.*

*Revivor of suits in equity; limitation of.* — On the death of any of the original parties to a pending suit in chancery, that court has authority to permit a revivor of the suit, independent of the statutes regulating the revivor of actions at law; and the limitation of such revivor is rather governed by the statutes prescribing the time within which suits must be brought, than by the statute (Rev. Code, § 2542) prescribing the period within which actions at law must be revived.

APPLICATION for a *mandamus* to the Chancery Court at Montgomery (Hon. ADAM C. FELDER presiding), on the facts stated in the opinion of the court.

STONE & CLOPTON, for the motion.

WATTS & TROY, *contra*.

B. F. SAFFOLD, J. — The *mandamus* is asked for to require the court to vacate or set aside an order reviving a suit in the name of the personal representative of the deceased complainant, wherein Charles H. Molton was complainant, and the

petitioner and others were defendants. The ground of the application is, that the revivor was allowed after more than eighteen months had expired from the death of the said complainant.

Courts of equity act upon the analogy of the law as to statutes of limitation, when they have no other guide. Bills of revivor, however, are known to them, apart from any practice or regulation governing courts of law, and are supposed to have been derived by them from the civil law, or the canon law. The very purpose of such a bill is, to revive and continue the proceedings, whenever there is an abatement of the suit before its final consummation. At the common law, a suit, when abated, is absolutely dead. But in equity, the same expression means merely a state of suspended animation, from which the suit may be revived. The death of one of the original parties to the suit is the most common, if not the sole cause, of the abatement of a suit in equity. Story's Eq. Pl. §§ 503, 554. The limitation to a bill of revivor is usually the time in which the cause of action would be barred. Ib. § 831. But equity has discretion to diminish somewhat the time, if the ends of justice will thereby be observed. Ib. §§ 751–759 a.

Such being the law of bills of revivor, the 97th Rule of Chancery Practice provides that, " Upon the death of a plaintiff, no bill of revivor shall be necessary to revive the suit, unless so directed by the chancellor; but his personal representatives, or heirs, or both, as the case may require, shall be made parties, on motion ex parte, before the register in .vacation, or the chancellor in term time." R. C. p. 837. Section 2542 of the Revised Code, requiring the revivor to be made within eighteen months, is in express reference to civil actions in courts of common law, where, without such provision, the suit would die. We cannot, by implication or analogy merely, restrict the established practice of chancery to that expressly prescribed for the law courts, the deficiencies and rigidity of which it was intended to remedy.

The *mandamus* is denied.