# Borok v. City of Birmingham.

### Violating Municipal Ordinance. .

(Decided December 17, 1914.  67 South. 389.)

1. *Municipal Corporation; Violating Ordinance; Appeal.*—The sufficiency of the complaint charging the violation of a municipal ordinance, if not tested in the recorder's court, cannot be raised for the first time in the circuit court on appeal from the recorder's court.

2. *Same.*—Where an affidavit filed in the recorder's court was treated on appeal to the criminal court as importing the charge tried, and under it guilt was determined, whether the other count of the affidavit, or the statement filed in the criminal court, both attempting to charge a like offense, were sufficient or not, is immaterial on further appeal.

3. *Appeal and Error; Presumptions; Burden.*—It will not be assumed that the verdict was rested on any act of which there was no evidence.

4. *Same; Party Entitled to Allege Error.*—Since motion to exclude an answer merely because not responsive to the question can only be availed of by the questioner, the other party is not entitled to allege error therefor.

5. *Intoxicating Liquors; Statute; Repeal; Unlawful Drinking Place.*—Since there is no provision in the Smith and Parks bills (Acts 1911, pp. 26-31, and 249-288) defining what are unlawful drinking places, the passage of such acts did not have the effect to repeal the provisions of section 5, Acts 1909, p. 10, defining unlawful drinking places, except insofar as regularly issued license to. maintain drinking places afford the legal right to maintain such places.

6. *Same; Violating Ordinance.*—Where the issue was whether defendant kept at his storehouse prohibited liquors with intent to sell the same in violation of a municipal ordinance, a question to a witness whether he bought liquor at that location recently before the offense alleged, and after the passage of the ordinance, was an evidential fact bearing on defendant's guilt.

7. *Municipal Corporation; Ordinance; Conflict With Statute.*—It is no objection to a municipal ordinance that it affords additional regulations complementary to the end state legislation would effect, if it is not in contravention of any state statute.

8. *Same; Establishing Rules of Evidence.*—An ordinance providing that certain circumstances when established by the evidence, should raise a prima facie presumption of guilt, in effect promulgating the same rule as Acts 1909, p. 63, infringes upon no constitutional provision.

APPEAL from Jefferson Criminal Court.

Heard before Hon. S. E. GREENE.

[Borok v. City of Birmingham.]

R. A. Borok was convicted of violating an ordinance of the city of Birmingham, and he appeals. Affirmed.

Transferred from the Court of Appeals under the act creating said court.

SAMUEL B. STERN, for appellant.

JOSEPH P. MUDD, for appellee.

McCLELLAN, J.— (1-3.) On appeal to the criminal court, the defendant (appellant) was adjudged guilty of the violation of an ordinance of the city of Birmingham. No objection to the sufficiency of the complaint on which defendant was found guilty by the recorder having been made in the recorder's court, objection could not be made thereto in the criminal court on appeal.—*Mayor, etc., v. Hearn,* 149 Ala. 307, 42 South. 836, 13 Ann. Cas. 1131; *Aderhold v. Mayor, etc.,* 99 Ala. 521, 12 South. 472; *McKinstry v. Tuscaloosa,* 172 Ala. 344, 54 South. 629. The affidavit filed in the recorder's court contained in its first "count" every element with respect to probable cause that could be exacted in a criminal prosecution; and that "count" was treated on the trial in the criminal court of Jefferson county, after appeal, as importing the charge there tried; and under it guilt was determined as of an offense against the municipal ordinance. So, whether the other "count" in the affidavit, or the statement filed in the criminal court—both directed to the purpose of charging a like offense to that set forth in the first "count" in the affidavit—were sufficient or not, is entirely immaterial on this appeal. There was no averment in the mentioned first "count" asserting the manufacture of forbidden liquors by the defendant, and there was no evidence tending in any degree to show

that defendant manufactured forbidden liquors; whereas, there was evidence supporting the allegation of infraction of the ordinance by the forbidden traffic in intoxicants. It cannot be assumed that the jury's verdict was rested upon any act of which there was not the slightest intimation or evidence, namely, the manufacture of forbidden liquors, which was not condemned or inhibited in the ordinance 58-C, but which was alleged in the statement filed in the criminal court.

(4) It has been determined here that the Smith and Parks Bills (Gen. Acts 1911, pp. 249-288, 26-31), treating the manufacture, sale, etc., of intoxicants, did not operate the repeal of the Fuller and Carmichael Bills (Acts Sp. Sess. 1909, pp. 8, 63), except in the particulars the former laws are inconsistent with the latter laws.—*Western Ry. Co. v. Capitol Brewing Co.*, 177 Ala. 149, 153, 49 South. 52; *Allen v. State ex rel.*, 181 Ala. 383, 61 South. 912-913. There being no provision in the Smith and Parks Bills defining what are unlawful drinking places, the provisions of section 5 of the act approved August 9, 1909, (Acts Sp. Sess. 1909, p. 10-11), defining unlawful drinking places were not repealed by the Smith and Parks Bills, except in so far as regularly issued licenses to maintain drinking places afford the legal right to maintain such places. Unless legally licensed under existing laws, every place defined in said section 5 as an unlawful drinking place is such and is subject to the provisions in that respect of the laws enacted at the Special Session of the Legislature held in 1909.

(5) By section 1251 of the Political Code (codifying what is known as the Municipal Code), the amplest authority was conferred on municipal governing bodies to enact ordinances to the ends therein defined. That section is as follows: "Municipal corporations

shall have power from time to time to adopt ordinances and resolutions not inconsistent with the laws of the state, to carry into effect or discharge the powers and duties conferred by this chapter, and to provide for the safety, preserve the health, promote the prosperity, improve the morals, order, comfort, and convenience of the inhabitants of the municipality, and to enforce obedience to such ordinances by fine not exceeding one hundred dollars and by imprisonment or hard labor not exceeding six months, one or both."

There is nothing in ordinance No. 58-C which appears to be in conflict with any state law on the subject. It is no objection to municipal ordinances, in which no contravention of a state enactment is undertaken or is effected, that they afford additional regulations complementary to the end state legislation would effect.—*Turner v. Town of Lineville,* 2 Ala. App. 454, 56 South. 603. 605.

(6) Section 8 of the ordinance provided that certain circumstances, when established by the evidence, should raise a prima facie presumption of guilt of defined unlawful acts. This section was admitted in evidence over defendant's objection. The substance of this section (8) of the ordinance infracts no constitutional provision. —*Ex parte Woodward,* 181 Ala. 97, 61 South. 295. Section 4 of the Fuller Bill (Acts Sp. Sess. 1909, p. 64), considered in *Ex parte Woodward, supra,* provides a rule of evidence of general application in state and municipal prosecutions for violation of laws pertaining to the liquor traffic. That rule of evidence was applicable to the appellant's prosecution and effected to make out the prima facie case under features of section 1 of Ordinance No. 58-C. Hence no prejudice could have resulted to the appellant in the admission of section 8 of the mentioned ordinance which but reiterated the

substance of the pertinent rule of evidence provided in section 4 of the state statute.

(7) One of the issues on trial was whether defendant kept at his storehouse, in the city of Birmingham, prohibited liquors with the intent to sell the same contrary to law. The witness Flagg was asked whether or not he had bought any liquor from defendant on Fifteenth street near Avenue E in January, 1913. The question was not objectionable. The time referred to in the question was long after the ordinance had become effective. Motion to exclude an answer merely because not responsive can only be availed of by the interrogator.— *Pope v. State,* 174 Ala. 63, 76, 57 South. 245. Whether defendant had sold liquors at that location, so recently before the particular occasion under investigation, contrary to law, was an evidential circumstance bearing on one of the issues of guilt vel non as stated before.

The sentence imposed upon the defendant was within the penalty prescribed by section 1 of Ordinance No. 58-C.

There is no prejudicial error in the record. The judgment must be affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and GARDNER, JJ., concur.