# Herbert *v.* Board of Education.

### Mandamus.

(Decided November 16, 1916. Rehearing denied December 30, 1916.
73 South. 321.)

1. **Constitutional Law; Ordinances; Delegation of Power.**—Section 1289, Code 1907, is constitutional as an expression of the police power, even though its effect is to commit to municipal corporations a measure of discretion as to the circumstances under which the power thus delegated shall be exercised.

2. **Municipal Corporation; Health Ordinance; Validity.**—A municipal ordinance forbidding any child to enter a public school of the municipality, who has not been vaccinated, was valid under the express authority of § 1289, Code 1907, notwithstanding the provision of § 1755, Code 1907, since the privileges assured by the latter statute were subject to reasonable regulations.

3. **Same; Implied Repeal.**—The provisions of § 1289, Code 1907, are not modified or impliedly repealed as to the city of Demopolis by Local Acts 1915, p. 71.

[Herbert v. Board of Education.]

4. Same; Reasonableness.—A municipal ordinance forbidding any child to enter the public school of the municipality who had not been vaccinated is a reasonable exercise of the power conferred upon municipalities by § 1289, Code 1907, notwithstanding its effect is alone visited upon children eligible to attend the public schools, such classification being justified, and the whole matter committed by statute to. the reasonable discretion of the municipal authorities.

APPEAL from Marengo Law and Equity Court.
Heard before Hon. EDWARD J. GILDER.
Mandamus by W. F. Herbert against the Demopolis School Board of Education to require said board to admit his child to the school, although said child had not been vaccinated. From a judgment denying the writ relator appeals. Affirmed.

R. B. EVINS, and W. F. HERBERT, for appellant. W. L. MARTIN, Attorney General, for appellee.

McCLELLAN, J.—The municipality of Demopolis enacted an ordinance providing that "no child shall enter any of the public schools of Demopolis who has not been vaccinated." While this provision was in effect, the district board of education for the Demopolis district refused to admit and would not allow Helen Herbert to enter the Demopolis district public school; she being of sound health and of legal age and of proper residence to be entitled to attend that school.—Code, § 1755. It is averred that there was "no epidemic of smallpox in the city of Demopolis; that Helen had not been exposed to smallpox." The sole ground of this refusal is alleged to be that Helen had not been vaccinated as required by the ordinance as quoted above. The ordinance in question is not set forth as it was adopted. Whether the matter comprehends all the provisions of the ordinance is not made to appear. The appellant, the petitioner for the writ of mandamus to compel the reception of Helen in the school, is the father; and he is, also, one of the five members of the district board of education. The answer to the petition, confessing the allegations thereof, is signed, "Demopolis School Board, by W. F. Herbert." The summons, to the individuals as a board, to answer was served upon all of the members of the board. There is, to say the least of it, great doubt whether the paper, thus presented by the same person who is the petitioner for the writ without positive averment of his authority to present and file the paper for the body, is any response to the summons.—26 Cyc. p.

447, et seq.   If assailed by appropriate demurrer, its insufficiency as an answer would seem to be quite clear.—26 Cyc. p. 451, et seq.

Furthermore, it may be a matter of doubt whether it was not petitioner's obligation to make demand upon the board of education to admit the child to the school as a condition precedent to the remedy sought in this instance.—See *Moseley v. Collins*, 133 Ala. 326, 32 South. 131.

By Code, § 1251, the municipalities of this state are generally empowered to pass ordinances and resolutions not inconsistent with the laws of this state to carry into effect or to discharge the powers and duties set forth in the "Municipal Code," and, among other things, to preserve the health of their jurisdictions.

In defining the powers, etc., conferred on municipalities Code, § 1289, provides:  "To adopt all necessary ordinances and enforce the same to prevent the introduction or spread of contagious, infectious, or pestilential diseases in the cities or towns, and to that end may provide for a system of compulsory vaccination and enforcement of the same."

(1) If the quoted provision of the ordinance is not void, it must be referred for its justification and authority to the statute just reproduced.   That statute is a particular expression of the police power of the state; and as such, in the preservation of the health of the people, there can be no real doubt of its constitutional validity, even though its effect is to commit to the municipal authorities a measure of discretion with respect to the circumstances under which the power thus delegated shall be made effective.—*Jacobson v. Massachusetts*, 197 U. S. 11, 25 Sup. Ct. 358, 49 L. Ed. 643, 3 Ann. Cas. 765.   See, also, *State v. Hay*, 126 N. C. 999, 35 S. E. 459, 49 L. R. A. 588, 78 Am. St. Rep. 691; *Morris v. Columbus*, 102 Ga. 792, 30 S. E. 850, 42 L. R. A. 175, 66 Am. St. Rep. 243; *Re. William H. Smith*, 146 N. Y. 68, 40 N. E. 497, 28 L. R. A. 820, 48 Am. St. Rep. 769; 21 Cyc. 393.   The exercise of the power conferred by the statute, as well as the reasonableness of the means legislatively expressed by the municipal authority for the enforcement of the power thus delegated, may become the subjects of judicial consideration according to the practices ordinarily observed to test the applicability, to a concrete case, or the validity, of an ordinance purporting to exert the power delegated to the municipality.—28 Cyc. pp. 275, 276, and notes 22-24.   The question now presented is whether the

provision of the ordinance is invalid, the municipality having con-
ferred upon it by valid statute (section 1289) the power de-
scribed in the statute. The statute (section 1289) authorized the
adoption of ordinances and measures for their enforcement to
prevent the introduction or spread of classes of diseases of which
smallpox is one; and to make this power effective the munici-
pality is further authorized to provide for, and to enforce, a
"system of compulsory vaccination." The Legislature avowed
its conclusive judgment that the major end in view would be
subserved by a system of compulsory vaccination, thus avoiding
the application of the general doctrine illustrated in these deci-
sions cited on the briefs for appellant.—*Potts v. Breen,* 167 Ill.
67, 47 N. E. 81, 39 L. R. A. 152, 59 Am. St. Rep. 262; *State v.
Burdge,* 95 Wis. 390, 70 N. W. 347, 37 L. R. A. 157, 60 Am. St.
Rep. 123,, where the pronouncements were predicated of the
absence of a legislative specification that compulsory vaccination
was within the contemplation of the Legislature when it wrote
the general authorization under which the subordinate adminis-
trative agents sought to establish compulsory vaccination within
their jurisdictions.

While there are medical men and laymen who yet deny that
the practice of vaccination is an effective antitoxin for smallpox,
the long dominent opinion of professional men that the practice
is efficacious has merited and received the affirmative approval
of legislative bodies and of courts throughout this country, as
well as elsewhere generally.—See *Jacobson v. Massachusetts,
supra; Viemeister v. White,* 179 N. Y. 235, 72 N. E. 97, 70 L. R.
A. 796, 103 Am. St. Rep. 859, 1 Ann. Cas. 334.

Where the proper authority has so ordered or enacted, the
regulation that vaccination is a condition precedent to the at-
tendance of children upon schools in their communities is a valid
exercise of the police power for the prevention of disease and the
preservation of the health.—*Viemeister v. White,* 179 N. Y. 235,
72 N. E. 97, 70 L. R. A. 796, 103 Am. St. Rep. 859, 1 Ann. Cas.
334; 35 Cyc., pp. 1117-1118; *Bissell v. Davison,* 65 Conn. 183, 32
Atl. 348, 29 L. R. A. 251; *State v. Hay,* 126 N. C. 999, 35 S. E.
459, 49 L. R. A. 588, 78 Am. St. Rep. 691; *Morris v. Columbus,*
102 Ga. 792, 30 S. E. 850, 42 L. R. A. 175, 66 Am. St. Rep. 243;
*Abeel v. Clark,* 84 Cal. 226, 24 Pac. 383; *Stull v. Reber,* 215 Pa.
156, 64 Atl. 419, 7 A. & E. Ann. Cas. 415; *Duffield v. Williams-
port School District,* 162 Pa. 476, 29 Atl. 742, 25 L. R. A. 152;

[Herbert v. Board of Education.]

*Field v. Robinson*, 198 Pa. 638, 48 Atl. 873; *Jacobson v. Mass.*, 197 U. S. 11, 25 Sup. Ct. 358, 49 L. Ed. 643, 3 Ann. Cas. 765; *State v. Board of Education*, 76 Ohio. St. 297, 81 N. E. 568, 10 Ann. Cas. 879.

(2, 3) It is provided in Code, § 1755, that: "Every minor over the age of seven years shall be entitled to admission into, and instruction in any public school of his or her own race or color in this state."

While this provision of law is clear and explicit, it is equally as certain that the right or privilege thereby assured is subject to reasonable regulation, with respect to its enjoyment, by constituted authority upon which is imposed by law of coincident dignity the obligation to guard and to preserve the health not only of school children but of all others within their jurisdictions who may be affected in consequence of the association and congregation of children in the schools of the community. So, if the statute (section 1289) vested the municipality of Demopolis with the power the quoted provision was intended to make effective, it is quite plain that the right or privilege assured by Code, § 1755, is subject to such valid regulations as may be authoritatively made by the governing body of the municipality; and in so validly regulating the conditions and circumstances under which the stated right or privilege may be enjoyed the municipal governing body expressed a power delegated to it by the same superior authority that enacted the statute assuring the privilege of school attendance to children of a defined class. And in this connection it may be stated that the provisions of section 6 of the local act approved August 20, 1915 (Local Acts 1915, pp. 71-73), or that act as a whole, had no effect to modify or to repeal by implication the provisions of the statute (section 1289) above quoted. To affirm otherwise, with respect to either Code, §§ 1755 or 1289, or to the mentioned local act (cited ante), would be to say that the lawmakers intended to deny to the public schools of the Demopolis school district and to the citizens of that community the wise and beneficent effects and safeguards afforded by the provisions of Code, § 1289, wherewith to prevent the "introduction or spread" therein of contagious, infectious, or pestilential diseases. The entertainment of such a purpose by the Legislature is inconceivable. The decision itself in *State, ex rel. v. White*, 160 Ala. 168, 49 South. 78, is not opposed to the considerations and the pronouncement just set down. A con-

stitutional quorum of this court did not concur—otherwise than in the conclusion, the result announced—in an opinion in the premises. Besides, the inquiry here presented involves the matter of the delegation to, and the exercise by, the municipal governing body of a legislative power to preserve and to conserve the health of their communities (*Dunn v. Court of County Revenues of Wilcox,* 85 Ala. 144, 147, 4 South. 661), and not a questioning of the propriety or validity of action taken by a school board in the performance of its administrative functions.

(4) The authority delegated to the municipalities by the statute (section 1289) is to provide a system of compulsory vaccination. The power conferred is to require vaccination without regard to the will or wishes of the persons subject to the government or control of the municipalities. The method whereby this power may be made effective, as at least one of the means to prevent the "introduction or spread" of smallpox, is committed to the discretion, reasonably exercised, of the municipality. According to this petition's averments (the ordinance on the subject is not set out in the bill), the municipality has sought to compel vaccination by conditioning the right or privilege to attend the public schools upon the fact of vaccination by the pupil. This prescription by the municipality is in nature a measure of compulsion. Its effect is to inhibit, through a regulation, the enjoyment of the right or the privilege of school attendance. A child physically fit to be vaccinated cannot enter the schools unless vaccinated. The quoted provision is expressive of the power delegated by the statute (section 1289). That it is a reasonable exercise of the power thus delegated is not, we think, to be soundly denied.—Author. supra. It is not a regulation, under the power thus delegated, in opposition to any state law. If it be assumed, to petitioner's advantage, that the quoted provision of the ordinance is all of the regulations the municipality has sought to establish touching the subject of smallpox and vaccination to prevent its introduction or its spread in Demopolis, it cannot be pronounced void because its effect is alone visited upon children eligible to attend the public schools therein. As a matter of classification for legislative purposes, the regular congregation of numbers of children in public school buildings and on playgrounds usually provided about these schools necessarily constitutes a condition different, with respect to hygienic circumstances, effects, and results, from that to be found in any other

[Herbert v. Board of Education.]

character of assemblage in a municipality. These differences, justifying regulatory classification, are suggested by the varying degrees of hygienic and sanitary conditions prevailing in the homes of the pupils, and by the circumstances of association and contact ordinarily present among pupils in such schools. But if this matter, this basis of classification for legislative purposes, is pretermitted, no valid objection to the provision can be taken to it as a reasonable, conservative regulation protective of the health of the children and through them and the means prescribed, of the health of the people likely to come in contact or association with the pupils in the schools. The statute (section 1289) is ample in its scope and effect to authorize the exercise of the power conferred to prevent the introduction or the spread of smallpox in the municipality. It is difficult to conceive of a higher obligation upon municipal authorities, when sufficiently empowered, than to preserve and to conserve the health of pupils in their schools. Whether the vaccination of pupils should be thus required when there is no smallpox in the community and no expert or other reason to anticipate its presence is a subject committed by the statute (section 1289) to the sound, the reasonable, judgment of the municipal authorities.

The decision in *Town of Greensboro v. Ehrenreich*, 80 Ala. 579, 2 South. 725, 60 Am. Rep. 130, is without bearing or influence upon the questions here involved. Aside from the radical difference in the subjects treated in the provision here under question and that treated in the *Greensboro Case*, the power there under consideration was general, not specific as in the case at bar. But even in cases where the municipal authority sought to act under a general, not specific, delegation of power, this court said in the *Greensboro Case*: "Considered a part of a system of police regulations in aid of the preservation of the public health, the courts will not interfere with, or set them aside, unless the power has been manifestly transcended.

The court did not err in denying the writ sought.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.