(84 South. 737)

## HOLLOWAY v. CALVIN. (2 Div. 687.)

(Supreme Court of Alabama. Feb. 5, 1920. On Rehearing, May 20, 1920.)

1. PARTIES ⚎71—ACTION HELD AGAINST INDIVIDUAL, NOTWITHSTANDING WORD "ADMINISTRATOR" IN CAPTION OF COMPLAINT.

In the absence of anything else in complaint or caption to show the contrary, the action is by or against one individually, though in the caption of the complaint after his name is the word "administrator"; it being but descriptio personæ.

2. PARTIES ⚎71—COMPLAINT HELD AGAINST ADMINISTRATOR, THOUGH WORD "ADMINISTRATOR," WITHOUT THE WORD "AS," IS USED.

Complaint, in caption of which the word "administrator," without the word "as," follows defendant's name, shows it is against him as administrator, it not only alleging that the claim is for work done for, and goods furnished to, "defendant's intestate," at her request, but that the claim, verified as required by law, was filed in the probate court, and that more than 12 months have elapsed since the grant of letters of administration on the estate of deceased to defendant.

3. EXECUTORS AND ADMINISTRATORS ⚎227(1)—CLAIM NEED NOT DETAIL ITEMS OF ACCOUNT, OR BE AS SPECIFIC AS A PLEADING.

The statement of a claim filed against a decedent's estate need not be as specific as a formal pleading, and need not detail the items of an account, but it is enough if it informs the representative of the nature and amount of the liability it imposes and distinguishes it with reasonable certainty from all similar claims.

4. EXECUTORS AND ADMINISTRATORS ⚎449—NO VARIANCE BECAUSE SUIT IS FOR ONLY PART OF CLAIM FILED AGAINST ESTATE.

There is no question of variance merely because the suit against an administrator is for only a part of the claim originally filed.

5. APPEAL AND ERROR ⚎1079—ASSIGNMENT, NOT SO ARGUED AS TO JUSTIFY CONSIDERATION, IS WAIVED.

Assignments of error, not argued in such a way as to justify their consideration, must be treated as waived.

### On Rehearing.

6. APPEAL AND ERROR ⚎1078(1)—WAIVER OF ASSIGNMENTS BY ORIGINAL BRIEF NOT ARGUING THEM IS FINAL.

Waiver of assignments of error by the original brief not arguing them is conclusive, notwithstanding an attempt to revive them by a later brief.

Appeal from Circuit Court, Dallas County; D. M. Miller, Judge.

Assumpsit by Mrs. Andrew M. Calvin against Mrs. A. F. Holloway administratrix of the estate of Mrs. Sarah L. Bland. Judgment for plaintiff, and defendant appeals. Affirmed.

---

⚎For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The complaint is on the common counts for work done and supplies furnished by plaintiff to defendant's intestate from May, 1913, to May, 1916, and from May, 1910, to May, 1916. The caption is:

"Mrs. Andrew M. Calvin, Plaintiff, v. Mrs. A. F. Holloway, administratrix of the estate of Mrs. Sarah L. Bland, defendant."

The verified account placed in evidence by plaintiff is as follows:

"Estate of Mrs. S. L. Bland to Mrs. Andrew M. Calvin. To services rendered and groceries furnished for eight years for her beginning 1908 and ending May 17, 1916."

Lee Cowart and W. J. Slaughter, both of Birmingham, for appellant. The affirmative charge should have been given for the defendant in this case, as requested, because it was not shown that Mrs. Holloway was indebted in any way to Mrs. Calvin in a personal capacity and because there was a variance between the times and the amount claimed.

S. F. Hobbs, of Selma, for appellee. The court properly denied the affirmative charge. 201 Ala. 545, 78 South. 899; 134 Ala. 242, 32 South. 684. The complaint showed that the defendant was sued in her representative capacity. 94 Ala. 616, 10 South. 603. Technical accuracy is not required in filing claims against an estate. 132 Ala. 86, 31 South. 454.

SOMERVILLE, J. [1, 2] It is well settled that when the caption of a complaint merely appends to the name of a party the word "executor" or "administrator," omitting the explanatory connective "as," and there is nothing else in the caption or the complaint to show that the party sues or is sued in his representative capacity, the word of representation is but descriptio personæ, and the suit is by or against such party in his individual capacity only. Lucas v. Pittman, 94 Ala. 616, 10 South. 603; A. C. etc., Ry. Co. v. Heald, 178 Ala. 636, 59 South. 461.

But where the allegations of the complaint indicate with reasonable certainty that a plaintiff sues, or a defendant is sued, in a representative capacity, though there be no express or specific averment thereof, this is sufficient to fix the character of the suit. Lucas v. Pittman, supra; K. C., etc., Ry. Co. v. Matthews, 142 Ala. 298, 39 South. 207. In the latter case the count in question alluded several times to plaintiff's "intestate," from which it was observed by McClellan, C. J., that the count "by its own terms shows in a way that the plaintiff is therein claiming damages in her representative capacity." In the instant case, the complaint not only alleges that the claim is for work done for, and goods furnished to, "defendant's intes-

tate" at her request, but also that "the claim which is the foundation of each count of this complaint, verified as required by law, was filed in the probate court of Dallas county," and that "more than 12 months have elapsed since the grant of letters of administration upon the estate of Mrs. Sarah L. Bland, deceased, to defendant." We think that the complaint, in connection with its caption, shows unmistakably that the defendant is sued in her representative capacity, for a debt contracted by her intestate, and due to plaintiff from said intestate's estate. Defendant was not, as to this, entitled to the general affirmative charge.

So far as the judgment is concerned, the minute entry shows that it was rendered against defendant, "as administratrix," etc., so that no technical disadvantage can result to her by reason of any lack of precision in the complaint.

[3, 4] The verified claim, as shown by the records of the probate court, was properly admitted in evidence. The statement of such a claim need not be as specific as a formal pleading, and need not detail the items of an account. It is sufficient if it informs the personal representative of the nature and amount of the liability it imposes, and distinguishes it with reasonable certainty from all similar claims. Floyd v. Clayton, 67 Ala. 265; Flinn v. Shackleford, 42 Ala. 202; Hallett v. Br. Bank, 12 Ala. 193.

If the claim filed is of such a character, and is broad enough to cover the items sued for, there can be no question of a variance merely because the suit is for only a part of the claim that was originally filed.

[5] There are other assignments of error, but they are not argued in such a way as to justify their consideration, and they must be treated as waived.

Let the judgment be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.

On Rehearing.

SOMERVILLE, J. In brief of counsel filed for appellant on the original submission of this cause, only two questions were discussed, and all others were clearly waived. In our opinion above we disposed of those questions adversely to appellant, and now entertain no doubt of the correctness of our conclusions. Some five or six months after the submission, new counsel filed an additional brief for appellant, raising new questions and discussing other assignments of error.

[6] In the case of L. & N. R. R. Co. v. Holland, 173 Ala. 675, 693, 55 South. 1001, it was held, upon thorough consideration, that the

waiver of assignments of error made by the original brief was conclusive, notwithstanding an attempt to revive them by a later brief.

For this reason we did not consider the additional points made by the later brief, and do not now consider them on application for rehearing.