## GIGLIO v. BARRETT et al., City Com'rs. (6 Div. 535.)

(Supreme Court of Alabama. April 6, 1922.)

**1. Abatement and revival ⬅47—Equity ⬅116 — Parties ⬅71 — Allegations held to show city commissioners were sued in their representative capacity; successors in office of city commissioners may be substituted as parties; describing defendants as commissioners of city sufficient to show suit against them in representative capacity.**

In suit to restrain city commissioners from enforcing an alleged void ordinance, the caption of the bill, after naming respondents, styled them as "commissioners of the city," and the bill averred that the ordinance challenged was passed by respondents "as commissioners of the said city." Respondents were given three days' notice of the hearing, and were served with copy of the bill, and counsel appeared and assigned demurrers. Held that under new Practice Code 1907, § 4528 et seq., and rule 17 of Practice of Courts, providing that the prayer for process shall contain the names of all the defendants, and, if "any special order is asked for in the prayer for relief, that shall be sufficient, without repeating the same in the prayer for process," the respondents were properly brought into court, and the fact that the prayer did not expressly state

they were made respondents in their representative capacity rather than as individuals does not change the character of the bill nor prevent substitution of their successors in office as parties.

**2. Appeal and error ⬳781(5)—Suit to restrain enforcement of ordinance violating property rights does not present moot question because change of officers.**

While the Supreme Court will not entertain an appeal to decide moot questions or those where subsequent happenings have rendered the decision useless, a question of this nature is not presented in a suit to restrain city commissioners from enforcing an ordinance, averred to amount to an infringement of plaintiff's property rights, because, pending litigation, there has been a change of commissioners.

**3. Injunction ⬳105(1)—Criminal prosecution not enjoined where the threatened injury is merely vexation by arrest or punishment under alleged unconstitutional law, but irreparable injury to property rights may be protected.**

Injunction does not lie against the enforcement of criminal laws, where the threatened injury is merely vexation by arrest or punishment of complainant, the parties being left free to test the unconstitutionality or construction in defense at trial; but in a proper case property rights may be thus protected.

**4. Municipal corporations ⬳614—May regulate motor vehicles carrying passengers for hire in city.**

Municipalities are within their police powers in regulating the operation of motor vehicles carrying passengers for hire; and such power is conferred by Code 1907, §§ 1251, 1340, 1452.

**5. Municipal corporations ⬳122(2) — Ordinances presumed to be reasonable.**

Municipal ordinances, capable of a common-sense construction effecting their purpose, are presumed reasonable, unless the contrary appears on their face, and one who assails the classification in a statute on the ground that it is discriminatory and unreasonable has the burden of proof.

**6. Municipal corporations ⬳661(1) — Use of streets by public utility or private enterprise dependent upon consent of local authorities.**

The use of streets of municipalities for carrying on a public utility or private enterprise is dependent upon the consent of local municipalities, which may prescribe conditions within their powers under which the streets may be used.

**7. Municipal corporations ⬳63(2)—Policy or reasonableness of municipal ordinances enacted under express legislative power not subject to judicial inquiry.**

Under an express legislative grant to a municipality of power to ordain to a particular effect or to do a particular thing, a municipal ordinance expressing that power cannot be inquired into with respect to its policy or reasonableness, alone considered.

**8. Constitutional law ⬳235, 292—Municipal corporations ⬳592(1), 703(1) — Ordinance restricting operation of jitney busses to certain streets held constitutional, and not to conflict with general laws regulating licensing of chauffeurs.**

Birmingham City Ordinance, § 2, subsection c, of which provides that where jitney busses are operated the names of the highways to be used and each terminus of the route shall be indicated in the application for license, section 4, that only the routes designated shall be used for operating such busses, and section 4, subsec. 2, that it shall be unlawful to operate "any motor or jitney bus as a taxicab or any taxicab as a motor or jitney bus, except in compliance with the terms of this ordinance," is a valid exercise of the police power, pertaining to the use of city streets, and is not contrary to Acts 1911, p. 648, § 32, forbidding local authorities from requiring of chauffeurs permits for the use of public highways other than as therein provided, and not violative of Const. U. S. Amend. 14, nor of any rights granted by Alabama Constitution.

Appeal from Circuit Court, Jefferson County; Hugh A. Locke, Judge.

Bill by J. J. Giglio against N. A. Barrett and others, commissioners of the city of Birmingham, to enjoin the enforcement of an alleged void ordinance. From a decree sustaining demurrers to certain parts of the bill and dismissing the preliminary injunction, complainant appeals. Affirmed.

Harris. Burns, of Birmingham, for appellant.

Equity has jurisdiction under the allegations of the bill. 181 Ala. 308, 61 South. 920, 45 L. R. A. (N. S.) 575; 152 Ala. 391, 44 South. 663; 154 Ala. 447, 45 South. 922, 129 Am. St. Rep. 63; 150 Ala. 259, 43 South. 706; 84 Ala. 115, 4 South. 106, 5 Am. St. Rep. 342. The ordinance was null and void. 75 Mich. 527, 42 N. W. 977, 4 L. R. A. 809, 13 Am. St. Rep. 468; 3 Ala. App. 590, 58 South. 75; 164 Ala. 599, 51 South. 246, 26 L. R. A. (N. S.) 394; 80 Ala. 579, 2 South. 725, 60 Am. Rep. 130; 190 N. Y. 217, 83 N. E. 23. It is void, because it denies the free use of the public highways to automobile owners and drivers. Acts 1911, p. 648, § 32; 203 Ala. 103, 82 South. 117. A taxicab that has paid the required license may be operated without let or hindrance as to route traveled. 120 Mo. 1, 25 S. W. 202, 41 Am. St. Rep. 678; 4 Ala. App. 254, 59 South. 69. There is no merit in the motion to dismiss, as respondents were sued in their representative capacity. 94 Ala. 616, 10 South. 603; 122 Ala. 559, 26 South. 144; rule 101, Chancery Practice. The respondents in injunction suits are not brought into court by process. Section 4528, Code 1907; 1 Pears. (Pa.) 182; 114 Mo. 567, 21 S. W. 903; 28 Cyc. 1774.

---

⬳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

W. J. Wynn and W. M. Woodall, both of Birmingham, for appellees.

There could be no substitution, as the municipal corporation was not made a party respondent, and a substitution would bring about an entire change of parties. 21 C. J. 384; 22 Cyc. 914; 28 Cyc. 1760, 1768; 54 Ala. 214; 43 Ala. 78; 66 Ala. 115; 122 Ala. 559, 26 South. 144; 200 Ala. 90, 75 South. 466; 94 Ala. 616, 10 South. 603; 35 Atl. 962; rule 17, Chancery Practice. The case has become moot, and should be dismissed. 61 South. 900; authorities supra. The ordinances complained of are not void, but are within the police power and the statutory power of a city. Sections 1251, 1340, 1452, Code 1907; 203 Ala. 103, 82 South. 117; 201 Ala. 89, 77 South. 383, L. R. A. 1918C, 522; 198 Ala. 449, 73 South. 642; 8 South. 79; 70 Ala. 361, 45 Am. Rep. 85.

THOMAS, J. The case was submitted on appellees' motion to dismiss the appeal. Appellant filed a motion to substitute the commissioners of the city (in office on the date when the motion was made) in the place of original respondents (in office when the bill was filed). Submission was also "on its merits."

[1] In the caption of the original bill praying injunction, N. A. Barrett and others named are styled respondents,"as commissioners of the city of Birmingham, Ala." The averment in the first paragraph is that said parties "are commissioners of the city of Birmingham, Ala., * * * and are residents citizens of Jefferson county, Ala.;" that the ordinance challenged was on the date indicated passed and adopted by said "respondents, as commissioners of the said city of Birmingham." This is sufficient to show that the suit was against such respondent in his representative capacity. Harris v. Barrett (Ala. Sup.) 89 South. 717;[1] Holloway v. Calvin, 203 Ala. 663, 84 South. 737; Prudential Cas. Co. v. Kerr, 202 Ala. 259, 261, 80 South. 97; Randolph v. Hubbert, 190 Ala. 610, 67 South. 416; Ferrell v. Ross, 200 Ala. 90, 75 South. 466; Lucas v. Pittman, 94 Ala. 616, 10 South. 603. Appellant's motion to substitute the new commissioners of said municipality as parties to this appeal is granted. Ex parte Kirtland, 49 Ala. 403; Fearn, Ex'r, v. Ward, Adm'r, 80 Ala. 555, 2 South. 114; Wells, Adm'r, v. Am. Mortg. Co., 109 Ala. 430, 438, 20 South. 136; Passmore, Adm'r, v. Ellington, 122 Ala. 559, 26 South. 144; Rule 101 Ch. Pr. Code p. 1559, K. C. M. & B. v. Matthews, 142 Ala. 298, 39 South. 207.

The fact that the prayer for process did not describe said respondents in official capacity does not change the character of the bill, and will not prevent substitution of their successors in office as parties. Under our new practice respondents to bills for injunction are not usually brought in by "court process," but as designated in Code, § 4528. Rule 17 of Practice of Courts (Code, p. 1533) requires that the prayer for process or publication to answer a bill shall contain the names of all the defendants; and if injunction, ne exeat, or any special order is asked for in the prayer for relief, that "shall be sufficient, without repeating the same in the prayer for process." An application of this rule of necessary parties, made in Carter v. Ingraham, 43 Ala. 78; McDonald v. McMahon's Adm'r, 66 Ala. 115, 118, was in cases where no injunction was sought as provided for in Code, § 4528. In the decision in McDonald v. McMahon's Adm'r, supra, is cited the text of Story's Eq. Pl. § 44, that the names of parties must appear in the bill, and, although named in the bill, none are parties defendant against whom process is not prayed. This was under the old practice, and before the new provision of the Code of 1907 as to applications for hearings on and granting injunctions. To the text of Story's Equity Pleading (10th Ed.) p. 45, are appended notes to the effect that—

"However this may be in general (under the old English practice), there are certainly cases in which it has been thought not to be absolutely indispensable; as, for example, when, at the filing of the bill, there was no reason to suppose the defendant meant to go out of the realm."

In Collinson [Lord Eldon] 18 Ves. 353; Moore v. Hudson, 6 Maddock & Geldart, 218, and in Alley v. Quinter, 11 D. C. (MacArthur and Mackey) 390, 393, the omission of the prayer for process was held not a defect when the defendants are designated in the bill, and process against them is actually issued and returned and decree pro confesso entered before taking testimony. Where a defendant is sued as executor, held not necessary to be named as executor in the prayer for process—"when all the allegations necessary to hold him as executor are contained in other parts of the bill." Hodge v. Joy (Ala. Sup.) 92 South. 171;[2] Plaut v. Plaut, 44 N. J. Eq. 18, 13 Atl. 849; Evans v. Evans, 23 N. J. Eq. 71, 75; Ranson v. Geer, 30 N. J. Eq. 249, 253; White v. Davis, 48 N. J. Eq. 22, 21 Atl. 187. Such is the instant case.

The instant proceeding was under the new practice of the Code of 1907, as designated in section 4528 (Code, §§ 4529, 4532, 4533) Zimmern v. Sou. Ry. (Ala. Sup.) 89 South. 171;[3] City of Birmingham v. Graves, 200 Ala. 463, 76 South. 395. Compliance with said statutes authorized an appeal to Supreme Court. Code, §§ 4530, 4531, 4534, 4535, 4536. The record shows that the judge required complainant to give respondents three days'

---

[1] 206 Ala. 263.

[2] Ante, p. 198.

[3] 206 Ala. 69.

notice of the hearing, and to serve on them (for such time) a copy of the bill, and counsel appeared, assigning separately and severally demurrers to the bill, and they were then brought into court without other process or prayer therefor. The caption and body of the bill show in what capacity N. A. Barrett, J. E. Brown, H. P. Burruss, J. R. Hornay and John H. Taylor were made respondents to the bill; and the fact that in the prayer it was not again expressly stated that they were made respondents in a representative capacity, as commissioners of the city of Birmingham, rather than individual or vice versa, is immaterial under the new practice prescribed by Code 1907 (Lynne v. Ralph, 201 Ala. 535, 78 South. 889), which was a radical departure from or great abbreviation of the old English practice. 3 Doull, Ch. Pr. 1894 et seq.; Sims, Ch. Pr. § 651. The prayer of the bill was that each respondent and his employees and subordinates be enjoined and restrained from enforcing or attempting to enforce or causing to be enforced against complainant any of the provisions of said Ordinance No. 759-c of the city of Birmingham, and from arresting or prosecuting, or causing to be arrested or prosecuted, the complainant for or on account of any alleged violation of any of the provisions of said ordinance; that the ordinance and its separate and several parts be declared null and void. It is thus indicated by the pleading that it was in representative capacity that the named respondents were made parties, and sought to be enjoined by the bill. This rule is in accord with reason and common sense, since equity looks to the substance rather than to the form, where there has been a substantial compliance with the form.

The appellees were made respondents below in their official capacities. Their motion to dismiss the appeal is overruled; the motion for substituting as necessary parties their successors in office as commissioners of the city of Birmingham is granted. The cause will be considered on its merits.

[2] It is true this court will not decide questions after the decision becomes useless and the judgment may not be made effective; decision will not be rendered to ascertain which of the parties is liable for the costs, as where the license year has expired for which issue was sought. Agee v. Cate, 180 Ala. 522, 61 South. 900. This is not a moot case, seeking to determine an abstract question of law, when the question for decision (not merely of costs) is to determine whether injunction was wrongfully sued out and issued (Harris v. Barrett, supra; Postal Co. v. Montgomery, 193 Ala. 234, 69 South. 428, Ann. Cas. 1918B, 554); but concerns the enforcement of an alleged unconstitutional ordinance of the city of Birmingham, by its commissioners, under circumstances averred to amount to a denial of complainant's valid and proper exercise of his guaranteed property rights. The fact that, pending the litigation, there was a change in the personnel of the commissioners of that municipality was not such a change of the real parties respondent as to render this decision a determination of an abstract question of law.

[3] In this jurisdiction we have adhered to the rule that equity will not interfere with the enforcement of criminal laws under statute or ordinance or check the activities of prosecuting officials when the injury inflicted or threatened is merely the vexation of arrest and punishment of complainant, who is left free to litigate the question of unconstitutionality of such statute or ordinance or its construction or application in defense at the trial or prosecution for its violation. In a proper case, and where required to prevent irreparable injury, property right may be asserted and protected. Harris v. Barrett, supra; Mobile v. Orr, 181 Ala. 308, 61 South. 920, 45 L. R. A. (N. S.) 575.

[4] A proper ordinance, to conserve the safety and to promote the general welfare of the inhabitants of a city, may regulate the operation of motor vehicles used for the carriage of passengers for hire in the city, and such ordinance is within the police power of government, and such power is conferred upon municipalities in this state. Code, §§ 1251, 1340, 1452; Montgomery v. Orpheum Taxi Co., 203 Ala. 103, 82 South. 117; Standard Chem. & Oil Co. v. Troy, 201 Ala. 89, 77 South. 383, L. R. A. 1918C, 522; Karpeles v. City Ice & Delivery Co., 198 Ala. 449, 73 South. 642; S. S. S. & I. Co. v. Smith, 175 Ala. 260, 57 South. 29; Herbert v. Board of Education, 197 Ala. 617, 73 South. 321; Borok v. Birmingham, 191 Ala. 75, 67 South. 389, Ann. Cas. 1916C, 1061; McCaa v. Thomas, ante, p. 211, 92 South. 414.

The brief and argument of counsel for appellant narrows the inquiry to a determination of whether or not section 4 of said ordinance and its subdivisions and subsections and subsection C of section 2 of said ordinance exhibited are valid municipal enactments. Subdivision 1 of subsection K of section 4 and subdivision F of section 3 were enjoined by the decree of the lower court, and are unnecessary here to be set out.

The preliminary injunction was denied as to all sections or subdivisions except as we have next above indicated. Appropriate provisions of sections 2 and 4 of said ordinance, held valid by the decree from which appeal is prosecuted, are as follows:

Subsec. C, Sec. 2: "If any motor vehicle is to be used or operated as a motor or jitney bus, a complete description, with names of the highways and each terminus of the route over which the motor vehicle is to be operated" shall be indicated as required by the ordinance in the application of the owner for a license."

Section 4, routes for jitney or motor busses:

"The following routes (and no others) are hereby designated, established and fixed as the routes and highways on, along or over which jitney or motor busses may be operated in the city of Birmingham," specifically naming them, as "South Highlands route," indicating it by names of streets and avenues; so of "Woodlawn," "North Birmingham," "North Haven," "Fountain Heights," "West End," "Chestnut Hill," "Montevallo," "Norwood," and "Milner Heights route."

Subsection 2 of section 4 is:

"It shall be unlawful to drive or operate, or cause to be driven or operated, any motor or jitney bus on, over or along any route or highway other than a route or highway on, over or along which such motor or jitney bus is authorized by law to be driven or operated. And it shall also be unlawful to drive or operate or use, or to cause, allow or permit to be driven used or operated any motor or jitney bus as a taxicab or any taxicab as a motor or jitney bus, except in compliance with the terms of this ordinance."

It is charged and insisted of section 4 of the ordinance that it is unconstitutional and void: (1) In that it undertakes to limit complainant in the operation of his business and the conduct of a motor or jitney bus for hire, and to require him to drive such bus or car only over certain designated streets and avenues of the municipality of Birmingham, and prevent him from using other streets and highways of that city; that this was an unlawful restraint of his free use of the highways of the city that amounted to an unfair discrimination against complainant and in favor of other of his competitors; that such restriction is unreasonable, arbitrary, and unnecessary to conserve the safety and to promote the general welfare of the inhabitants of the city and of others traversing and using the general highways of the city of Birmingham; (2) that section 4 of the ordinance is unconstitutional, in that said provisions are in contravention of the provisions of the general laws of the state, to wit, section 32 of the act of 1911 (pp. 634-48), in part as follows:

"Except as herein otherwise provided, local authorities shall have no power to pass, enforce or maintain any ordinance, rule or regulation requiring from any owner or chauffeur or other authorized driver to whom this act is applicable, any additional license or permit for the use of the public highways, or excluding any such owner, chauffeur or other authorized driver from the free use of such public highways, * * * nor shall any such law now in force or hereafter enacted have any effect; provided, however, that the powers given to local authorities to regulate vehicles offered to the public for hire and processions, assemblages, or parades in the streets or public places and all ordinances, rules and regulations which may have been or which may be enacted in pursu-

ance of such powers shall remain in full force and effect."

It is further charged that subdivision 2 of subsection K of section 4 of the ordinance is unconstitutional for the reason that it contravenes the general law of the state in that complainant has paid his license to operate his automobile as a taxicab under the laws of the state of Alabama, and that thereby and thereunder he is permitted to operate the same, but that parts of said ordinance as we have heretofore specifically indicated make it unlawful for him to do so. It is charged of that provision that the same is discriminatory against complainant and in favor of other operators of other motor vehicles in said city, and is a denial to him of the equal protection of the laws, and deprives complainant of the free and proper use of his property within the city, which amounts to a denial to him of due process of law, in that it is charged that the enforcement of the ordinance as to complainant causes irreparable loss to him in depriving him of revenues which he could make by the use of his motor car or jitney bus or taxicab when and where he had occasion to go and hired to go within the city, and "as he is licensed to do under the laws of the state of Alabama."

It is further represented and charged in the bill that subsection C of section 2 of the ordinance is invalid and unreasonable, in that it requires complainant or any other person desiring to operate a motor or jitney bus "to designate the particular highways over which he expects to operate, thereby depriving him unlawfully of the use of other public highways in the city of Birmingham" as may suit his convenience and that of his patrons riding therein.

[5] In Standard Chem. & Oil Co. v. Troy, supra, the police power conferred upon and that may be enjoyed by municipalities of the state is discussed and considered under former decisions of the Supreme Court of the United States and of this court, and also the burden of proof required to overturn the presumption of validity of an ordinance or statute that is challenged for unconstitutionality. See Ex parte Bizzell, 112 Ala. 210, 21 South. 371; Borok v. Birmingham, 191 Ala. 75, 67 South. 389, Ann. Cas. 1916C, 1061, supra; Herbert v. Board of Education, supra. It is settled law that—

"One who assails the classification in a statute [on the ground that it is discriminatory and unreasonable] must carry the burden of showing that it does not rest on any reasonable basis, but is essentially arbitrary." Denson v. Ala. F. & I. Co., 198 Ala. 383, 73 South. 525; Briggs v. B. R. L. & P. Co., 188 Ala. 262, 66 South. 95.

That is to say, a municipal ordinance, construed according to common sense so as to give effect to the purpose of its adoption,

will be presumed to be reasonable, prima facie, unless the contrary appears on the face of the law itself, or is established by proper evidence. Van Hook v. Selma, 70 Ala. 361; Oxanna, v. Allen, 90 Ala. 468, 8 South. 79; Karpeles v. City Ice & Del. Co. supra.

[6] The question now for decision was considered in Montgomery v. Orpheum Taxi Co., supra. Mr. Justice McClellan there declared that the use of the streets of municipalities for carrying on any business, for the conduct of any public utility or private enterprise, is made dependent upon the consent of the local municipal authorities who may prescribe the conditions within municipal powers under which the use of the streets may be enjoyed for such private enterprise. Section 1340 of the Code of 1907 confers on municipalities specified authority to license the use therein of any vehicle kept for hire; to regulate and license the use of every description of carriages and vehicles kept for hire; to license and regulate the use of the streets of the town or city by persons who use vehicles or solicit or transact business thereon. The automobile act of 1911 is adverted to as making no particular reference to the licensing of chauffeurs, the Legislature having assumed, and correctly, that under the feature of the title referring to the regulation of automobiles provision might and was made for the licensing of chauffeurs to operate such vehicles.

[7] It is further noted that the statute (section 1340) authorizes municipal regulation and licensing of vehicles and persons using them; that "where there is an express legislative grant to a municipality of power to ordain to a particular effect or to do a particular thing, the municipal ordinance expressive of that power cannot be inquired into with respect to its policy or reasonableness"; that if the provisions of the Montgomery ordinance, there dealt with, creating conditions to the issuance of a chauffeur's license, are considered with a view to determining their reasonableness vel non, they cannot be declared unreasonable exactions in the interest of the safety and welfare of the public in the use of the city's streets, and "of the protection of those members of the public who may suffer injury or damage by the taxicab driven" by the applicant for license. The features of the Montgomery ordinance prescribing regulations for the driving, parking (standing) and stopping of automobiles upon the streets of the city, held to be "well within the expressly granted powers conferred by Code 1907, § 1452," to the effect that towns and cities had the power *to regulate the running* of railroad trains, engines, automobiles, and electric motors within the corporate boundaries, and to prohibit the standing thereof on or across the streets or highways within the corporate boundaries.

As in the instant bill, it was shown in the Orpheum Taxi Co. Case, supra, that complainant was conducting a taxicab business within the municipality; that its business was that of a "common carrier of passengers for hire," and was "entirely dependent upon the use of the thoroughfares" of said municipality. The important subject is concluded as follows:

"It is manifest that, if the complainant's business is not a public utility, * * * it is undoubtedly a 'private enterprise' within the meaning of section 220 of the Constitution. It is hardly necessary to add that the complainant's * * * authority to conduct its taxicab business was and is subject to the provisions of section 220 of the Constitution, as well as the effect of the statutes conferring on the municipality the power to exact licenses of those using the streets in the prosecution of their enterprises and to regulate in the interest of the public safety and welfare the use of the streets by persons and vehicles."

The restraint of the enforcement of the Montgomery ordinance by injunction was held to be "ill advised. * * * Since the ordinance is valid, * * * a decree will be here entered dismissing the bill." Ex parte Ashworth, 204 Ala. 391, 86 South. 84; Code, § 1268.

[8] A shorthand rendition of complainant's insistence is that it is a denial of his use and property right under the guise of regulation by the municipality to prevent him from using his motor car or jitney bus (1) when he pleases, as a public carrier, and (2) where he pleases, in the act of carrying passengers over and along the public streets of the municipality. Such insistence cannot be maintained under the foregoing authorities. The several provisions of the ordinance challenged are within the police power of government delegated to the municipality for the purpose and under the public policy dictating and warranting the same.

No right of the complainant, guaranteed by the Fourteenth Amendment to the Constitution of the United States or by the Constitution of Alabama was infringed or denied by the enforcement of the ordinance, nor are any of its provisions contrary to the general laws of this state.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.